IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ~~ey~~ D.C.

05 AUG 31 PM 3: 57

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| JESSE BALL, | X | |
| | X | |
| | X | |
| Plaintiff, | X | |
| | X | |
| vs. | X | Cv. No. 05-2045-Ma/V |
| | X | Cr. No. 95-007(SNL) |
| | X | E.D. Missouri |
| T.C. OUTLAW, | X | |
| | X | |
| Defendant. | X | |
| | X | |

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
ORDER DENYING PETITION UNDER 28 U.S.C. § 2241
ORDER DENYING ALL OTHER PENDING MOTIONS AS MOOT
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

Defendant, Jesse Ball, Bureau of Prisons (BOP) registration number 24103-044, an inmate at the Federal Prison Camp (FPC) in Millington, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, along with a motion to proceed in forma pauperis. The motion to proceed in forma pauperis is GRANTED. The Clerk shall record the respondent as T.C. Outlaw. The Clerk shall not issue any process.

Ball was charged in a six-count indictment in the Eastern District of Missouri with drug trafficking and firearms crime. On June 21, 1995, a jury convicted him of all six counts. He was sentenced to 481 months imprisonment. Ball appealed his convictions on Counts 2, 5, and 6. Counts 2 and 6 charged Ball with carrying or using a firearm in relation to charged drug trafficking crimes. Count 5 charged Ball with possession of crack

cocaine with intent to distribute.  Ball contended, as to his conviction on Count 5, that the district court erred by denying his motions to suppress evidence seized during the warrantless entry into his house and to suppress statements made to police officers. The Eighth Circuit Court of Appeals determined that the district court's decision to deny the motions to suppress was proper and affirmed his judgment of conviction on Count 5.  The Eight Circuit then determined that the evidence at trial was not sufficient, under Bailey v. United States, 516 U.S. 137 (1995), to support the firearms convictions on two counts.  The Eighth Circuit reversed those convictions and remanded the case for resentencing.  United States v. Ball, 90 F.3d 260 (8th Cir. July 17, 1996).

On resentencing, the district court sentenced Ball to 170 months imprisonment and 4 years of supervised release, imposing a 2-level enhancement for possession of a firearm, see United States Sentencing Guidelines (USSG) Manual § 2D1.1(b)(1)(1995), and a 2-level enhancement for obstruction of justice, See USSG Manual § 3C1.1 (1995).  Ball challenged the application of the enhancements on appeal.  The Eighth Circuit determined that the enhancements were properly applied.  United States v. Ball, 1997 WL 597098 (8th Cir. 1997), cert. denied, No. 97-7699, 522 U.S. 1152 (Mar. 2, 1998).

Ball then filed a motion to vacate under 28 U.S.C. § 2255, which was denied. United States v. Ball, No. 99-624 (E.D. Mo. Aug. 24, 1999).  Ball filed a successive motion to vacate in the Eastern District of Missouri, which was transferred to the Eighth Circuit,

2

where permission to file a successive motion was denied. <u>Ball v. United States</u>, No. 01-1123 (8th Cir. Feb. 15, 2001). On June 15, 2004, Ball filed a petition for permission to file a successive motion to vacate with the Eighth Circuit Court of Appeal, which was also denied. <u>Ball v. United States</u>, No. 02-2430 (8th Cir. Oct. 28, 2004).

On January 19, 2005, Ball filed this habeas petition under 28 U.S.C. § 2241. Ball seeks to raise claims cognizable only under § 2255. The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996)(codified, <u>inter alia</u>, at 28 U.S.C. § 2244 et seq.)(AEDPA), amended 28 U.S.C. §§ 2244(b) and 2255 to limit a defendant to his direct appeal and one collateral attack, filed within one year of the time conviction is final. This provision strengthened the existing provisions limiting federal prisoners to one collateral attack on a conviction. These reforms were intended to protect further the finality attached to federal criminal judgments and to reduce the workloads of the federal courts.

Because a subsequent § 2255 motion is foreclosed by the AEDPA, the petitioner seeks to characterize this case as a habeas petition under 2241. The only reason for that characterization, however, is the need to avoid the successive motion limits enacted by the AEDPA. This case clearly seeks to attack the validity of petitioner's original sentence and thus is a motion under § 2255. A series of unpublished opinions has relied on <u>Gray-Bey v. United States</u>, 209 F.3d 986, 990 (7th Cir. 2000), to conclude that § 2255

motions that are disguised as § 2241 petitions should not be transferred, but dismissed.[1]

Generally, habeas corpus is available if "the issues raised more accurately challenged the execution of the sentence than its imposition."   Wright v. United States Bd. of Parole, 557 F.2d 64, 78 (6th Cir. 1977).   On the other hand, "[s]ection 2255 . . . has been conceived to be limited to those claims which arise from the imposition of the sentence as distinguished from claims attacking the execution of the sentence."   Id. at 77.   Cf. United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)("Because defendant Jalili is challenging the manner in which the sentence is executed, rather than the validity of the sentence itself, Section 2255 does not apply.").   It is clear from Wright and Jalili, however, that true attacks on the "execution" of a sentence relate to BOP decisions affecting the duration of the sentence and that such attacks accept, as a matter of course, the validity of the original underlying conviction and sentence.   Ball's petition does not challenge the execution of his sentence, but attacks its imposition.

Federal prisoners seeking collateral relief from a conviction or sentence must seek relief through a motion to vacate under 28 U.S.C. § 2255.   Charles v. Chandler, 180 F.3d 753, 755-56 (1999); In re Hanserd, 123 F.3d 922, 933 (6th Cir. 1997); United v. Sarduy, 838 F.2d 157, 158 (6th Cir. 1988)(challenge to proper sentence

_____

[1]   See, e.g., In Re Walker, No. 00-5262, 2000 WL 1517155 (6th Cir. Aug. 4, 2000).

calculation should be brought under § 2255, not Rules 32 or 35). See also United States v. Cerna, 1994 U.S. App. LEXIS 27901 at *2-3 (6th Cir. Oct. 4, 1994)(district court has discretion to construe motion erroneously styled as one under § 3582(c)(2) as a motion to vacate under § 2255);[2] United States v. Auman, 8 F.3d 1268, 1271 (8th Cir. 1993); Wood v. United States, No. 91-2055, 1992 U.S. App. Lexis 3053 (6th Cir. Feb. 25, 1992)(petition for a writ of error coram nobis should be construed as motion under § 2255);[3] Owens v. Benson, 439 F. Supp. 943, 944 (E.D. Mich. 1977)(the proper remedy for a federal prisoner attacking his conviction or sentence is a motion under § 2255). Cf. Capaldi v. Pontesso, 135 F.3d 1122, 1124 (6th Cir. 1998)(adopting per se rule that district court may not consider a § 2255 motion while prisoner's direct appeal is pending and affirming denial of habeas relief to prisoner whose direct appeal was pending in Fifth Circuit).

Habeas corpus will lie, however, if it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. This "savings clause" operates as an additional exception to the successive motion limits of the AEDPA and permits review by a habeas petition in an even more narrow category of cases.

---

[2]     Although citation to unpublished Sixth Circuit precedents is disfavored, this case is referred to in the absence of clear published case law from this circuit "because it establishes the law governing the present action and 'there is no [Sixth Circuit] published opinion that would serve as well.'" Norton v. Parke, 892 F.2d 476, 479 n.7 (6th Cir. 1989).

[3]     See supra note 2.

The movant has the burden of demonstrating that the savings clause applies. Charles, 180 F.3d at 756. The § 2255 remedy is not inadequate or ineffective, for example, merely because the successive motion limits apply to bar consideration of a claim or the motion is barred by the statute of limitations. Charles, 180 F.3d at 756-58. Rather, if the claim is of a type that was cognizable under § 2255, the remedy is not inadequate or ineffective, regardless of whether the movant can obtain a substantive review on the merits in the present motion. As suggested by Gray-Bey, 209 F.3d at 990, in considering the scope of collateral remedies remaining to federal prisoners after the AEDPA, "§ 2255 ¶ 8 means . . . that prisoners today are never entitled to multiple collateral attacks, so that their inability to obtain another round of litigation cannot demonstrate that § 2255 as a whole is 'inadequate or ineffective to test the legality of . . . detention.'"

Federal law providing for collateral review of conviction and sentence does not guarantee that every prisoner will obtain a review on the merits of a constitutional claim, but that every prisoner will at some point have the opportunity for such review. See, e.g., Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999). According to Wofford, the entire federal criminal procedure statutory scheme, encompassing trial, direct appeal, and one opportunity for collateral review, ensures that "a petitioner will have had 'an unobstructed procedural shot at getting his sentence vacated.' That does not mean that he took the shot . . . the

6

Constitution requires [only] that the procedural opportunity existed." Id. (quoting In Re Davenport, 147 F.3d 605, 609 (7th Cir. 1998)).

Wofford held that the "inadequate or ineffective" savings clause applies to permit a prisoner to set aside a conviction when

> 1) the claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Ball attacks his sentence alleging that he is entitled to relief under United States v. Booker, 125 S. Ct. 758 (2005) and Crawford v. Washington, 541 U.S. 36 (2004). Although Coffman can make a prima facie showing that Booker and Crawford were not available to him during the applicable one-year limitations period for a motion to vacate and present new constitutional rules of criminal procedure, he cannot demonstrate that Booker or Crawford has been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255. New rules of constitutional criminal procedure are generally not applied to cases on collateral review. Teague v. Lane, 489 U.S. 288 (1989).

The Sixth Circuit held in Dorchy v. Jones, 398 F.3d 783, 788 (6th Cir. Feb. 23, 2005), that Crawford does not apply retroactively. Likewise, the Sixth Circuit determined in Humphress v. United States, 398 F.3d 855 (Feb. 25, 2005), that the rule of Booker does not fall within the second exception of Teague. Id. at

863 (noting that the Supreme Court has never held that a new rule of criminal procedure falls with the second exception of <u>Teague</u>). Thus, the Sixth Circuit concluded that the rule of <u>Booker</u> does not apply retroactively in collateral proceedings. <u>Humphress</u>, 398 F.3d at 860. <u>Crawford</u> and <u>Booker</u> do not provide Ball with any basis for relief.

Ball contends his "new theory support[s] a non-frivolous claim of actual innocence." It is clear that an actual innocence claim requires "factual innocence, not mere legal insufficiency." <u>Bousley v. United States</u>, 523 U.S. 614, 623-24 (1998); <u>Hilliard v. United States</u>, 157 F.3d 444, 450 (6th Cir. 1998). The movant must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." <u>Murray v. Carrier</u>, 477 U.S. 478, 496 (1986). Accordingly, Ball is not entitled to relief under § 2241 on his claim.

Because Ball is not entitled to invoke § 2241, "it appears from the application that the applicant or person detained is not entitled" to any relief. 28 U.S.C. § 2243. An order for the respondent to show cause need not issue. The petition is DENIED and DISMISSED. Ball also filed motions for bail, to show cause and for appointment of counsel. The motions are rendered MOOT by this determination and are DENIED.

Appeals of habeas petitions under 28 U.S.C. § 2254 and motions under 28 U.S.C. § 2255 are governed by 28 U.S.C. § 2253 and require the district court to consider whether to issue a certificate of appealability. <u>Lyons v. Ohio Adult Parole Auth.</u>, 105 F.3d 1063

8

(6th Cir. 1997).  Section 2253 does not apply to habeas petitions by federal prisoners under § 2241.  McIntosh v. United States Parole Comm'n, 115 F.3d 809, 810 (10th Cir. 1997); Ojo v. I.N.S., 106 F.3d 680, 681-82 (5th Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).  Nevertheless, a habeas petitioner seeking to appeal is obligated to pay the $255 filing fee required by 28 U.S.C. §§ 1913 and 1917.  Under the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915, it is unclear how habeas petitioners establish a right to proceed in forma pauperis and avoid this filing fee.

Although the Sixth Circuit has concluded that the various filing fee payment requirements and good faith certifications of amended § 1915 do not apply to § 2254 cases, it has not resolved whether these requirements apply to § 2241 cases.  Kincade v. Sparkman, 117 F.3d 949, 951-52 (6th Cir. 1997).  Cf. McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997)(instructing courts regarding proper PLRA procedures in prisoner civil-rights cases, without mentioning § 2241 petitions).

The Tenth Circuit, however, has held that the provisions of the PLRA do not apply to habeas cases of any sort or to § 2255 motions.  See McIntosh, 115 F.3d at 810; United States v. Simmonds, 111 F.3d 737, 743 (10th Cir. 1997).  An unpublished Sixth Circuit opinion has adopted this approach in affirming a decision from this district.  Graham v. U.S. Parole Com'n, No. 96-6725, 1997 WL 778515 (6th Cir. Dec. 8, 1997), aff'g, Graham v. United States, No. 96-3251-Tu (W.D. Tenn. Dec. 4, 1996).  Because the Court finds the

9

reasoning of <u>McIntosh</u> persuasive, and because the Court finds that this conclusion naturally follows from the Sixth Circuit's decision in <u>Kincade</u>, the Court concludes that the PLRA does not apply to § 2241 petitions.

Pursuant to <u>Kincade</u>, a petitioner must seek leave to proceed <u>in forma pauperis</u> from the district court under Fed. R. App. 24(a), which provides:

> A party to an action in a district court who desires to proceed on appeal <u>in forma pauperis</u> shall file in the district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal.

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith, and to deny the certificate if the appeal would be frivolous.

The good faith standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. <u>Id.</u>  It would be inconsistent for a district court to determine that a complaint does not warrant service on the respondent, yet has sufficient merit to support an appeal <u>in forma pauperis</u>.  <u>See Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).  The same considerations that lead the Court to dismiss this petition also compel the conclusion that an appeal would not be taken in good faith.  It is therefore CERTIFIED, pursuant to F.R.A.P. 24(a), that

any appeal in this matter by petitioner is not taken in good faith, and he may not proceed on appeal in forma pauperis.

IT IS SO ORDERED this _30th_ day of August, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

11

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 8 in case 2:05-CV-02045 was distributed by fax, mail, or direct printing on September 6, 2005 to the parties listed.

---

Jesse Ball
FPC-MILLINGTON
24103-044
P.O. Box 2000
Millington, TN 38083--200

Honorable Samuel Mays
US DISTRICT COURT